UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL VARCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-mc-00004 (APM) |
| ) | |
| PETER NEWSHAM, ) | **UNDER SEAL** |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Michael Varco, the victim of an aggravated assault that took place in the District of Columbia, moves this court to enforce the federal Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, against Peter Newsham, the Chief of Police of the Metropolitan Police Department of the District of Columbia ("MPD"). Plaintiff seeks to compel Chief Newsham "to protect [Plaintiff's] personal information better, handle [his] case more fairly, and provide [him] images of the people who attacked [him.]" *See* Pl.'s Mot., ECF No. 3, at 1.

This matter must be dismissed because, on its face, the CVRA does not apply to local law enforcement authorities, like the MPD, or to local law enforcement officials, like Chief Newsham. The statute requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime" to "make their best efforts" to accord crime victims certain rights enumerated by the Act. 18 U.S.C. § 3771(c)(1). The MPD is not a department or agency of the United States, and the Chief of MPD is not an officer or employee of the Department of Justice or any other federal law enforcement agency. Accordingly, the CVRA, by its very terms, does not reach the MPD or Chief Newsham.

To avoid this conclusion, Plaintiff points to various provisions of the CVRA that reference enforcement of the District of Columbia criminal code. For instance, Plaintiff notes that the CVRA defines a "crime victim" as "a person . . . harmed as a result of the commission of . . . an offense in the District of Columbia." *See* Pl.'s Reply Mem., ECF No. 6, at 4 (citing 18 U.S.C. § 3771(e)(2)). Relatedly, the statute defines "district court" to include "the Superior Court of the District of Columbia," 18 U.S.C. § 3771(e)(3), and "court of appeals" to include "the District of Columbia Court of Appeals," § 3771(e)(1)(B). Although these provisions make plain that the CVRA reaches victims of D.C. Code offenders, it does not follow that the statute provides any cause of action against the MPD. Instead, the provisions upon which Plaintiff relies are directed to ensuring that the U.S. Attorney's Office for the District of Columbia—which prosecutes federal offenses and D.C. Code offenses—accords victims the Act's enumerated rights in its prosecutions. Nothing in the CVRA extends its coverage to the District of Columbia's municipal law enforcement agency.

For the foregoing reasons, Plaintiff's Motion to Enforce the CVRA is denied. A separate final, appealable order accompanies this Memorandum Opinion.

Dated: March 29, 2019

*Amit P. Mehta*
United States District Judge